**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **HAZEL LUZUSKY and** ) | **CASE NUMBER:** |
| **DEBORAH SHAPIRO,** ) | |
| Plaintiffs ) | **COMPLAINT** |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **CREDITORS INTERCHANGE** ) | |
| **RECEIVABLE MANAGEMENT, LLC** ) | |
| Defendant ) | **JANUARY 18, 2007** |

## I. INTRODUCTION

1. This is a suit brought by a consumer and her daughter who have been harassed and abused by Defendant collection agency. This action is for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and also includes pendant state law claims for violations of Connecticut's Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*, as well as negligent infliction of emotional distress.

## II. PARTIES

2. The plaintiff Hazel Luzusky is a natural person residing in Hartford, Connecticut.

3. The plaintiff Deborah Shapiro is a natural person residing in Hartford, Connecticut and she is the daughter of Hazel Luzusky.

4. The defendant, Creditors Interchange Receivable Management, LLC ("CI"), is a Delaware limited liability company that is engaged in the practice of debt collection in Connecticut.

## III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a).

6. This Court has jurisdiction over CI, because it engages in debt collection within Connecticut.

7. Venue in this Court is proper, as the Plaintiffs are residents of Connecticut and the acts complained of occurred in this state.

## IV.  FACTUAL ALLEGATIONS

8. On August 9, 2006, CI telephoned Plaintiffs requesting payment for an alleged debt owed by Luzusky to creditor Chase Manhattan Bank.

9. CI spoke to Luzusky during this conversation, at which time CI told Luzusky that CI needed to talk to Shapiro so the account could be settled at once.

10. Luzusky was so shaken by the conversation with CI that, upon hanging up the phone, she took a blood pressure bill to calm her shaking and nervousness.

11. On August 10, 2006, CI telephoned Plaintiffs again.

12. CI spoke to Shapiro and discussed Luzusky's debt with her.  Shapiro explained that she was unaware of the debt.

13. In response to Shapiro's absence of knowledge of the debt, CI suggested that the debt may be fraud and perhaps another family member had made the charges.

14. CI stated that it was irrelevant if this debt was fraud or not and demanded a payment by Shapiro that very same day.

15. CI stated that if the debt was not paid that day, CI would "go after" both Shapiro and Luzusky.

16. CI tried to persuade Shapiro to pay off the debt using her own credit cards.

17. CI then insinuated that non-payment of the debt would result in jail time when stating, "If it were my children, I wouldn't want them to go to jail".

18. Both Luzusky and Shapiro believed they would be arrested on account of this debt.

19. Shapiro also believed Luzusky would suffer a heart attack as a result of the two phone calls from CI and consequently took an anti-anxiety pill she normally would not require.

20. Shapiro was so distraught by these conversations and the stress exhibited by Luzusky that she lost sleep and was constantly nervous and shaky.

## V.  CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

21. Paragraphs 1-20 are herein incorporated

22. CI violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g when making demands for immediate payment that overshadowed the thirty-day validation period.

23. CI violated the FDCPA, 15 U.S.C. § 1692e(4) when insinuating that non-payment of the debt immediately would result in jail time for either of the Plaintiffs.

24. CI violated the FDCPA, 15 U.S.C. § 1692e(2)(A) when misrepresenting to Ms. Shapiro that she was responsible for paying the debt.

25. CI violated the FDCPA, 15 U.S.C. § 1692e(10) by stating that Plaintiffs are responsible for the debt even if it is fraud.

26. For CI's violations of the Fair Debt Collection Practices Act as described above, the Plaintiffs are entitled to recover their actual damages (including emotional distress), statutory damages of $1,000.00 each, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

### SECOND CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

27. Paragraphs 1-26 are herein incorporated

28. IC knew, or reasonably should have known, that its conduct would likely cause emotional distress to Plaintiffs.

29. IC's conduct did cause Plaintiffs to suffer emotional distress, embarrassment, shame, stress and anxiety.

30. IC's actions were willful, wanton and malicious in that it intended to cause Plaintiffs distress to induce Luzusky and Shapiro to pay the debt, in hopes that they would pay in order to relieve the stress.

## THIRD CAUSE OF ACTION
### Violations of Conn. Gen. Stat. §§ 42-110a et seq.

31. Paragraphs 1-30 are herein incorporated.

32. IC violated Connecticut's Unfair Trade Practices Act ("CUTPA") in its attempts to collect the debt as described above.

33. IC's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous and such as to cause substantial injury to consumers.

34. The Plaintiffs have sustained an ascertainable loss as a result of IC's acts. Specifically, due to the stress of IC's abusive conduct, Luzusky required the taking of medication to regulate her blood pressure and Shapiro required the taking of anti-anxiety medication.

35. Plaintiffs also sustained emotional distress as described above as a result of IC's collection actions.

36. IC is liable to Plaintiffs for these losses as well as, in the discretion of the Court, punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, the Plaintiffs seeks recovery of monetary damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; monetary damages pursuant to Conn. Gen. Stat. § 42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; costs and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

PLAINTIFFS,

By: _____
Daniel S. Blinn, ct02128
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457